1  Christopher B. Adamson, Esq. (State Bar No. 238500)
   Peter M. Williamson, Esq. (State Bar No. 97309)
2  **ADAMSON AHDOOT LLP**
   1150 South Robertson Blvd.
3  Los Angeles, CA 90035
   Tel: (310) 888-0024
4  Fax: (888) 895-4665
   Email: christopher@aa-llp.com
5  Email: Peter@aa-llp.com

6  Attorneys for Plaintiff
   NOAH ALEXANDER ZWARG

7

8              **UNITED STATES DISTRICT COURT**

9        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  NOAH ALEXANDER ZWARG,          )  CASE NO.:  2:21-cv-3525
                                   )
12            Plaintiff,           )  **COMPLAINT FOR DAMAGES:**
                                   )
13  vs.                            )  1.    42 U.S.C. § 1983 – EXCESSIVE
                                   )         FORCE
14  CITY OF SAN LUIS OBISPO; SAN   )
    LUIS OBISPO POLICE OFFICER     )  2.    CAL. CIVIL CODE § 52.1;
15  KYLEE BAILEY, Serial No.  14101; )
    FRENCH HOSPITAL MEDICAL        )  3.    ASSAULT and BATTERY; and
16  CENTER; and DOES 1 through 10, )
    inclusive,                     )  4.    MEDICAL NEGLIGENCE
17                                 )
                                   )
18            Defendants.          )  DEMAND FOR JURY TRIAL
                                   )
19  _____ )

20                    **JURISDICTION**

21       1.     Jurisdiction is conferred upon this Court by *28 U.S.C. §1331* (federal question)

22  and *§ 1343(3)* (civil rights). The state law claims for relief are within the supplemental

23  jurisdiction of the Court pursuant to *28 U.S.C. § 1367*.

24                      **VENUE**

25       2.     Plaintiff's claims herein arise out of an incident involving a City of San Luis

26  Obispo Police Officer, in the County of San Luis Obispo, State of California, and within this

27  judicial district.

28  / /

## **PARTIES**

3.     Plaintiff, NOAH ALEXANDER ZWARG, is a competent adult who is a citizen of the United States and resident of the County of San Diego, State of California.

4.     Defendant, CITY OF SAN LUIS OBISPO, is a municipality operating pursuant to its Charter.  It is a local government entity and is not an arm of the State of California for Eleventh Amendment purposes.

5.     Defendant, Police Officer KYLEE BAILEY, Serial No. 14101 (hereinafter "BAILEY") is a San Luis Obispo Police Officer.  In doing the acts herein alleged, Officer BAILEY acted within the course and scope of her agency and employment, and under color of state law.

6.     At all times mentioned in this complaint, Defendant, FRENCH HOSPITAL MEDICAL CENTER, (hereinafter "FRENCH HOSPITAL"), and DOES 6 through 10, inclusive, and each and every DOE in between, were and now are corporations, partnerships, sole proprietorships, joint ventures or associations duly organized and existing under and by virtue of the laws of the State of California.

7.     At all times herein mentioned Defendant, FRENCH HOSPITAL, and DOES 6 through 10, inclusive, were and are engaged in owning, operating, maintaining, managing and engaged in rendering medical, surgical, hospital, diagnostic, nursing and other care to the general public for compensation in San Luis Obispo County; all the acts complained of herein by Plaintiff against said Defendants were done and performed by said Defendants by and through their duly authorized agents, joint venturers, and employees, each of whom and all of whom were at all times mentioned herein acting within the course, purpose and scope of their, joint venture or employment and their conduct was ratified by Defendant FRENCH HOSPITAL, and DOES 6 through 10, inclusive. Further, these Defendants selected and assigned physicians and other health care professionals to care for and treat the Plaintiff, and through words or actions held those individuals out as agents or employees, knowing and expecting the Plaintiff to rely upon those actions or words, and the Plaintiff did so rely. Those individuals were the ostensible agents of these Defendants.

8. At all times herein mentioned Defendants, and each of them, held themselves out to the general public and to Plaintiff as skilled professionals in the science of medicine, surgery, nursing, hospital care, medical attendant and related care; and said Defendants held themselves out to the general public and to the Plaintiff as possessing that degree of knowledge and skill customarily possessed and exercised by other physicians, surgeons, nurses, and hospital attendants engaged in the same or similar locality as that of Defendants, and each of them.

9. The true names, identities and capacities, whether individual, associate, corporate or otherwise of Defendants, DOES 1 through 10, inclusive, and each DOE in between, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of such fictitiously designated Defendants are ascertained, Plaintiff will amend this complaint to insert said true names, identities and capacities, together with the proper charging allegations. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein as a DOE is responsible in some actionable manner for the events and happenings herein alleged and thereby legally caused the injuries and damages to the Plaintiff as hereinafter set forth.

10. At all times herein mentioned, each of the Defendants sued in this complaint, whether by their actual name or fictitious name, was the agent, alter ego, servant, joint venturer or employee of each other and of their said co-Defendants and were as such acting within the purpose and scope of said agency, venture, service or employment; each of the Defendants, whether referred to by their actual names or fictitious names, when acting as a principal was negligent in the selection and hiring of each and every other co-Defendant as an agent, servant or employee and furthermore expressly directed, consented to, approved, affirmed and ratified each and every action taken by their co-Defendants.

11. On or about October 8, 2020, a Notice pursuant to *Code of Civil Procedure* § 364, was sent to those Defendants actually named herein, thus excluding any DOE Defendants.

12. At all times before June 26, 2020, Plaintiff was without that specialized medical knowledge needed to know (and, in fact, did not know) of the negligent failure, alleged

herein, and of the causal relationship between that failure and the damages Plaintiff claims, herein.

## FACTS

**A.      General Allegations regarding Policy and Practice**

13.      Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants CITY OF SAN LUIS OBISPO by and through its police department, and DOES 1 through 5, with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of the Plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things;

a)      Subjecting citizens to unreasonable uses of force against their persons;

b)      Selecting, retaining, and assigning officers with demonstrable propensities for excessive force, violence, and other misconduct;

c)      Failing to adequately train, supervise, and control officers in the arts of law enforcement, including, without limitation, the use of force and specifically the proper and safe use of control holds and other take-down maneuvers during detentions and arrests;

d)      Failing to adequately discipline officers involved in misconduct; and

e)      Condoning and encouraging officers in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

14.      Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants CITY OF SAN LUIS OBISPO and DOES 1 through 5, inclusive, ordered, authorized, acquiesced in, tolerated, permitted or maintained customs and practices permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of

1   Plaintiff.

2   **B.     Allegations Regarding the Excessive Use of Force on Noah Alexander Zwarg**

3          15.     On June 26, 2020 at approximately 12:17 P.M., police officers of the City of

4   San Luis Obispo Police Department (hereinafter "SLOPD")were dispatched to respond to

5   a call of suspicious behavior near 1789 San Luis Drive in the City of San Luis Obispo.

6   Plaintiff's roommate had contacted SLOPD to report that Plaintiff left their residence about

7   an hour earlier after experiencing a bipolar episode.

8          16.     Upon her arrival at San Luis Drive in the City of San Luis Obispo, Defendant

9   BAILEY contacted Plaintiff and engaged him in a conversation.  During that conversation,

10  Plaintiff admitted that he suffered from Bipolar Disorder but had not been taking his

11  prescribed medication to help control his condition.  Further, he could not recall when he

12  had last taken his medication.

13         17.     Based on her conversation with Plaintiff, Defendant BAILEY and her fellow

14  San Luis Obispo Police Officers concluded that Plaintiff might constitute a threat to himself

15  or others.  Consequently, San Luis Obispo Police Officers and Defendant BAILEY

16  collectively made the decision to detain Plaintiff pursuant to Welfare & Institutions Code

17  § 5150.  Plaintiff was transported, without incident, to Defendant, FRENCH HOSPITAL,

18  for a mental health evaluation.  Upon arrival at FRENCH HOSPITAL, Plaintiff was turned

19  over to the hospital staff for a mental health examination.

20         18.     Once Plaintiff was left at FRENCH HOSPITAL, he was placed in a room for

21  a mental health evaluation to determine whether it would be necessary to keep him at the

22  Hospital for a minimum 72-hour hold.  After conducting an initial mental health evaluation,

23  Plaintiff, who was still in a manic state, was taken to a holding room where he was left alone,

24  unrestrained, and without supervision or security.  A short time later, Plaintiff, who was

25  unsupervised, left FRENCH HOSPITAL and began to walk home.   He was dressed in a

26  t-shirt but was otherwise naked from the waste down.

27         19.     At approximately 4:38 p.m. that same afternoon, SLOPD was alerted that

28  Plaintiff had left FRENCH HOSPITAL.  Defendant, BAILEY, who had resumed her patrol

duties, eventually spotted Plaintiff walking on the sidewalk on North Johnson Avenue near Marsh Street in the City of San Luis Obispo, California. Since Defendant, BAILEY had detained Plaintiff previously on a § 5150 hold and transported him to FRENCH HOSPITAL, she knew that Plaintiff was Bi-Polar and was experiencing a mental health crisis.  Nonetheless, Defendant, BAILEY immediately confronted Plaintiff on the sidewalk without the assistance of back-up officers.  Defendant, BAILEY took no steps to deescalate the situation knowing she was dealing with a mentally ill person,  and ignored her training by failing to use non-threatening language toward Plaintiff, failing to keep a reasonable distance between herself and Plaintiff, and failing to avoid physical contact with his person. Instead she blocked Plaintiff's path, placing herself in a position face-to-face with him, and immediately placed her hands on him in an attempt to restrain him with physical force.  As a result, a physical altercation ensued in which Plaintiff was assaulted and battered by Defendant, BAILEY.   With the assistance of a California Highway Patrol Officer, who happened to be driving by the location at the time, Plaintiff was forcibly taken to the ground, handcuffed and arrested for violating Penal Code § 69.

20.    On or about November 27, 2013, Plaintiff appeared in San Luis Obispo Superior Court to answer the false criminal allegations made against him.  Plaintiff was forced to retain counsel to represent him in defending these false criminal allegations.  On or about April 19, 2021, Plaintiff was placed on court misdemeanor mental health diversion pursuant to Penal Code § 1001.95. As a result of defendants' wrongful and malicious actions, Plaintiff now has an official arrest record which he did not have prior to this incident.

**C.    Allegations Regarding Damages**

21.    By reason of the wrongful and malicious acts of defendants, and each of them, and of the fright caused Plaintiff, Plaintiff has suffered extreme and severe mental anguish and physical pain, the extent of which is not known at the present time.  Plaintiff will amend his Complaint to set forth the true nature and extent of his injuries when the same have been ascertained.

22.     By reason of the wrongful acts of the defendants, and each of them, Plaintiff was required to and did employ physicians and surgeons to examine, treat and care for him, and incurred additional medical expenses in an amount which has not yet been ascertained. Plaintiff is informed and believes and thereon alleges that he will incur additional medical expenses in the future, the exact amount of which is unknown at the present time.

23.     By reason of the wrongful acts of the defendants, and each of them, Plaintiff was prevented from attending to his normal employment at California State University, San Luis Obispo, and ultimately was dismissed from his position as a Statistics Instructor.   As a result, Plaintiff has incurred economic losses including loss of earnings and loss of future earning capacity in an amount which has not yet been ascertained.    Plaintiff is informed and believes and thereon alleges that he will incur additional economic losses in the future, the exact amount of which is unknown at the present time.

24.     The intentional and reckless acts of Defendant BAILEY and DOES 1 through 5, inclusive, in physically assaulting and battering Plaintiff was willful, malicious, oppressive and in conscious disregard of Plaintiff's constitutional rights to be free from an unlawful seizure and excessive force, thereby justifying the imposition of punitive or exemplary damages against said individual defendants only and in favor of Plaintiff, NOAH ALEXANDER ZWARG.

25.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was required to and did incur sums to obtain bail in order to be released from jail pending the resolution of the false criminal charges filed against, in an amount to be proven at the time of trial.

26.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was required to and did retain attorneys to represent him in defending the false criminal charges filed against him and accordingly has incurred attorney's fees and costs, in an amount to be proven at the time of trial.

27.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was required to and did retain attorneys to institute and prosecute the

within action, and to render legal assistance to Plaintiff that he might vindicate the loss and impairment of his aforementioned rights; and by reason thereof, Plaintiff requests payment by defendants of a reasonable sum as and for attorneys fees and costs pursuant to *Title 42 U.S.C. § 1988.*

**D.     Allegations Regarding Exhaustion of Administrative Remedies**

28.     Plaintiff timely filed Government Tort claims against Defendants CITY OF SAN LUIS OBISPO and KYLEE BAILEY on December 30, 2020 pursuant to *Government Code* § 910.  Said claims were rejected by operation of law by said Defendants on February 15, 2021.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Excessive Force

**(against Defendants City of San Luis Obispo, Kylee Bailey,  and DOES 1-5 Only**

29.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 28, hereinabove, and incorporates the same herein as though fully set forth.

30.     Defendant, BAILEY, and  DOES 1 – 5, and each of them, acting under color of state law, deprived the Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution by, among other things:

a)     Seizing the Plaintiff without probable cause; and

b)     Subjecting the Plaintiff  to excessive force.

31.     As a further proximate result of the acts of defendants, and each of them, as alleged above, Plaintiff has incurred economic losses, including medical expenses, loss of earnings and loss of future earning capacity, attorneys' fees, and bail expenses in an amount in accordance with proof at the time of trial.

## SECOND CLAIM FOR RELIEF

### Cal. Civ. Code § 52.1

**(against Defendants City of San Luis Obispo, Kylee Bailey,  and DOES 1-5 Only)**

32.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through

31, hereinabove, and incorporates the same herein as though fully set forth.

33.     The United States Constitution, Amendment IV, and the California *Constitution Article I § 13* guarantee the right of persons to be free from excessive force and arrests without probable cause.  Defendants, by engaging in the wrongful conduct herein alleged, denied these rights to the Plaintiff, thus giving rise to claims for damages pursuant to California *Civil Code § 52.1.*

34.     As a direct and proximate cause of the aforementioned acts of Defendant, BAILEY, and DOES 1 – 5, and each of them, Plaintiff was injured as set forth hereinabove, and is entitled to statutory damages under California *Civil Code § 52*, as well as compensatory and punitive damages according to proof.

## THIRD CLAIM FOR RELIEF

### Assault & Battery

### (against Defendants City of San Luis Obispo, Kylee Bailey,  and DOES 1-5 Only)

35.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 34, hereinabove, and incorporates the same herein as though fully set forth.

36.     Defendants, and each of them, assaulted and battered the Plaintiff, causing Plaintiff to suffer physical and emotional injuries.

37.     In doing the foregoing wrongful acts, Defendant, BAILEY, and  DOES 1 – 5, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff.  The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting an award of punitive damages against each individual Defendant (but not the entity Defendant, which is immune) in an amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTH CLAIM FOR RELIEF

### Medical Negligence

### (against Defendant French Hospital and DOES 6-10 only)

38.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 37, hereinabove, and incorporates the same herein as though fully set forth.

39.     On June 26, 2020, Plaintiff was taken to Defendant, FRENCH HOSPITAL, for a mental health evaluation to determine whether it would be necessary to keep him at the Hospital  for a minimum 72-hour hold.  Defendants, and each of them, agreed to perform and undertook to perform for the Plaintiff, all services necessary to conduct a mental health evaluation of Plaintiff which included, but was not limited to, examinations and evaluation of his mental health condition; in so doing the Defendants, and each of them, established a physician/nurse/hospital/care giver relationship with the Plaintiff giving rise to each Defendant's duty to Plaintiff to provide skillful management of his mental health condition.

40.     During said periods of times herein above alleged, Defendants, FRENCH HOSPITAL and DOES 6-10, and each of them, were negligent, careless and unskillful in their management of the Plaintiff's mental health, including, but not limited to, failing to properly secure Plaintiff so that he would not leave FRENCH HOSPITAL unsupervised while he was suffering a manic episode and being held in Defendant's Hospital pursuant to a Welfare and Institutions Code § 5150 hold.

41.     As a direct and proximate result of Defendant,  FRENCH HOSPITAL and DOES 6-10, and each of their failure to properly secure Plaintiff, he was able to freely walk out of the Hospital facility and shortly thereafter was confronted by the SLOPD resulting in a physical alteration between Plaintiff and Defendant BAILEY.   Had Plaintiff been properly secured in FRENCH HOSPITAL and prevented from leaving the Hospital facility, this confrontation would never have occurred, thereby legally causing injuries and damages to Plaintiff as set forth hereinabove.

42.     By virtue of the foregoing, Defendants, FRENCH HOSPITAL, and DOES 6 through 10, and each of them, owed Plaintiff a duty of due care, and that duty was breached by defendants' negligence, and failure to exercise due care in securing Plaintiff and preventing him from leaving the Hospital facility on June 26, 2020

43.     As a direct and proximate cause of the aforementioned acts of defendants, and each of them, Plaintiff was injured as set forth above, and is entitled to compensatory

damages according to proof.

## PRAYER

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as follows:

### On the First Cause of Action

      1.    Compensatory general and special damages in accordance with proof;

      2.    Reasonable attorneys' fees;

      3.    Exemplary damages against the individual defendants **only** in an amount sufficient to make an example of the individual defendants and to deter future misconduct.

### On the Second Cause of Action

      4.    Compensatory general and special damages in accordance with proof;

      5.    Statutory damages;

      6.    Reasonable attorneys' fees;

      7.    Exemplary damages against the individual defendants **only** in an amount sufficient to make an example of the individual defendants and to deter future misconduct.

### On the Third Cause of Action

      8.    Compensatory general and special damages in accordance with proof;

      9.    Exemplary damages against the individual defendants **only** in an amount sufficient to make an example of the individual defendants and to deter future misconduct.

### On the Fourth Cause of Action

      10.    Compensatory general and special damages in accordance with proof;

/ /

/ /

/ /

/ /

/ /

/ /

/ /

**On All Causes of Action**

10.    For costs of suit incurred herein; and

11.    For such other and further relief as the Court deems just and proper.

DATED: April 26, 2021                    ADAMSON AHDOOT LLP


By:    /s/ PETER M. WILLIAMSON
       PETER M. WILLIAMSON, Esq.
       Attorneys for Plaintiff
       NOAH ALEXANDER ZWARG

1

## **DEMAND FOR JURY TRIAL**

2

3      Plaintiff hereby demands trial by jury pursuant to *Fed. R. Civ. P. 38(b)*.

4

5   DATED: April 26, 2021                    ADAMSON AHDOOT LLP

6

7

                                  By:   /s/ PETER M. WILLIAMSON
8                                        PETER M. WILLIAMSON, Esq.
                                         Attorneys for Plaintiff
9                                        NOAH ALEXANDER ZWARG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28